UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON BARRETT,

      Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 3:16-cv-00119

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 9), the administrative record (doc. 6), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A.   Procedural History

Plaintiff filed an application for SSI and DIB asserting disability as of May 1, 2011 on account of a number of impairments including, *inter alia*, an affective disorder, an anxiety disorder.  PageID 44, 47.

After initial denials of his application, Plaintiff received a hearing before Irma J. Flottman on April 17, 2014.  PageID 63-92.  The ALJ issued a written decision on August 26, 2014, finding Plaintiff not disabled.  PageID 41-57.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since May 1, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: osteoarthritis; an affective disorder; an anxiety disorder; and substance abuse dependence (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to lift and carry up to 50 pounds occasionally and 25 pounds frequently.  He can stand/walk up to six hours in an eight-hour workday.  He can sit up to six hours in an eight-hour workday.  He can occasionally climb ladders, ropes, and scaffolds.  The claimant can frequently climb ramps and stairs; and frequently stoop and crawl.  He is capable of performing simple routine, repetitive, tasks.  He cannot perform work with strict production rates or fast-paced work.  He can maintain occasional interaction with coworkers and the general public.

6. The claimant is unable to perform any past relevant work (20 CFR

> 404.1565 and 416.965).
>
> 7. The claimant was born [in] 1973 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 41-57.

Thereafter, the Appeals Council denied review on September 29, 2015, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-38. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B. Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 46-49. Plaintiff, in his Statement of Errors, also summarizes the evidence of record. Doc. 7 at PageID 734-40. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence, and presents no objection to Plaintiff's

summary. Doc. 8 at PageID 753. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

4

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues that the ALJ failed to: (1) give appropriate weight to the opinion of his treating therapist, Margaret Barker, LSW; and (2) appropriately weigh the other medical opinions of record. Doc. 7 at PageID 740. The undersigned concludes that reversal is warranted based on Plaintiff's first assignment of error and, therefore, makes no finding regarding Plaintiff's second assignment of error.

From April 2012 to March 2014, Therapist Barker treated Plaintiff on over fifteen occasions. PageID 386-93,440-51, 557-61, 569-76, 584-91, 645-74. On August 2, 2013, she gave an opinion regarding Plaintiff's mental impairments, and identified Plaintiff's principal diagnosis as bipolar disorder and recounted clinical signs and symptoms including, but not limited to, poor memory, sleep disturbance, emotional lability, panic attacks, poor concentration, social isolation, and decreased energy. PageID 628. As to functional limitations, she opined that Plaintiff suffers from "marked" mental health limitations in the area of daily activities and "extreme" limitations in maintaining social functioning and sustaining concentration, persistence, or pace.[4] PageID 620. She concluded that Plaintiff would be expected to be absent from work greater than three days per month secondary to his mental impairments. *Id*.

The ALJ found that Therapist Barker's opinion was entitled to "little weight." PageID 54. In so concluding, the ALJ found the following:

> Firstly, her opinions are internally inconsistent as she assesses extreme limitations, but noted the claimant had a GAF score of 55, denoting no more than moderate limitations. Secondly, her assessment is inconsistent with the totality of the medical evidentiary record, including the claimant's treatment notes showing his mental health conditions improve, and are rather stable when he is compliant with treatment. Thirdly, Ms. Barker is a licensed social worker and according to the Social Security Rulings is not considered an acceptable medical source. For the aforementioned reasons, her opinions are afforded little weight.

PageID 54 (sic). The undersigned finds the ALJ's decision to give Therapist Barker's opinion "little weight" is not supported by substantial evidence.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*,

---

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

Although "other medical sources" who have treated a claimant are not entitled to controlling weight like a treating physician or psychologist, "other sources" may be entitled to *more* weight than "acceptable medical sources" under the unique circumstances of a given case. SSR 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) (emphasis added). In fact, the opinions of "other sources," such as nurse practitioners or physician's assistants, may even be given more weight than a *treating* physician if the "other sources" have seen the claimant more frequently than the "acceptable sources" and have provided better explanations for their opinions. *Id*.

ALJs must weigh the opinions of "other sources" using the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, "how long the source has known the individual, how frequently the source has seen the individual, how consistent the opinion of the source is with other evidence, how well the source explains the opinion, and whether the source has a specialty or area of expertise related to the individual's impairment." *Williamson v. Comm'r of Soc. Sec.*, No. 1:14-cv-731, 2016 WL 255033, at *8 (S.D. Ohio Jan. 20, 2016); *see also* 20 C.F.R. § 404.1527(c). ALJs should "explain the weight given" such opinions, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." *Williamson*, at *8.

7

Here, the ALJ failed to meaningfully explain his reasons for rejecting Therapist Barker's opinion. First, the ALJ impermissibly rejected Therapist Barker's opinion on the basis that she gave Plaintiff a Global Assessment of Functioning ("GAF")[5] score of 55, denoting no more than moderate limitation, which the ALJ found was inconsistent with her opinion that Plaintiff suffered from extreme limitations. PageID 75. A GAF score, however, is merely a snapshot of a person's "overall psychological functioning" at or near the time of the evaluation. *See Martin v. Comm'r*, 61 Fed. Appx. 191, 194 n.2 (6th Cir. 2003). Additionally, GAF scores "are not raw medical data and do not necessarily indicate improved symptoms or mental functioning." *Kennedy v. Astrue*, 247 Fed. Appx. 761, 766 (6th Cir. 2007). Therefore, the ALJ's reasoning in this regard is not supported by substantial evidence.

Second, the ALJ's finding -- that Therapist Barker's opinion was inconsistent with the "totality of the medical evidentiary record" -- is impermissibly vague. The ALJ failed to identify any specific parts of the record that were inconsistent with Therapist Barker's opinion.[6] An ALJ has a duty to meaningfully articulate the reasons she has credited or rejected particular sources of evidence with sufficient specificity as to allow the reader to follow her reasoning. *See Gayheart*

---

[5] GAF is a tool used by health-care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin*, No. 3:13-cv-257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V") (noting recommendations "that the GAF be dropped from [DSM-V] for several reasons, including its conceptual lack of clarity ... and questionable psychometrics in routine practice"). As set forth in the DSM-IV, a GAF score of 41-50 indicates "[s]erious symptoms (*e.g.,* suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.,* no friends, unable to keep a job). " *Id.* A GAF score of 51-60 is indicative of "[m]oderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks)" or "moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers)." *Id.*

[6] On appeal, the Commissioner argues and cites to several parts of the record she describes as "inconsistent" with Therapist Barker's opinion. Doc. 8 at PageID 757. However, the ALJ never set forth such specificity in his decision. "[I]t is the opinion given by an administrative agency rather than counsel's '*post hoc* rationale' that is under the Court's consideration." *Evans v. Comm. of Soc. Sec.*, 142 F. Supp.3d 566, 575 (S.D. Ohio 2015) (citing *Romig v. Astrue,* No. 1:12-cv-1552, 2013 WL 1124669, at *6 (N.D. Ohio March 18, 2013) (citations omitted).

8

*v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376-78 (6th Cir. 2013); *accord McHugh v. Astrue,* No. 1:10–cv–734, 2011 WL 6130824, at *4 (S.D. Ohio Nov. 15, 2011) (holding that "as a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion . . . When an ALJ fails to mention relevant evidence in his or her decision, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored) (brackets added; internal quotations and citations omitted").

Third, the ALJ impermissibly substituted his opinion for that of Therapist Barker when he interpreted her treatment notes as showing the "improved" and "stable" nature of Plaintiff's conditions when compliant with treatment. *Simpson v. Comm. of Soc. Sec.,* 344 F. App'x 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings")); *see also Martin v. Colvin*, No. 3:15-cv-131, 2016 WL 4764961, at *1 (S.D. Ohio Sept. 13, 2016). Therapist Barker's treatment notes repeatedly revealed the persistence of Plaintiff's severe symptoms and ongoing mental status abnormalities despite compliance with treatment. PageID 354-59, 368, 383, 389, 394-97, 402-03, 428, 436, 447-49, 451, 501-04, 552, 557, 584, 653, 675, 683-85, 691, 706. Therefore, the ALJ's critique of Therapist Baker's treatment notes is unsupported by substantial evidence. *See, e.g., Meece v. Barnhart,* 192 Fed. App'x 456, 456 (6th Cir. 2006) ("[T]he ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence").

Fourth, in so far as the ALJ rejected Therapist Barker's opinion on the basis that she was an "other source," the ALJ failed to grant Therapist Barker's opinion the proper consideration required under the regulations. Specifically, an ALJ is required to "explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination

9

or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6. Here, the ALJ rejected all of the assessments prepared by mental health sources who had treated or examined Plaintiff. PageID 54-56. Under such circumstances, the opinion of Plaintiff's treating therapist, Ms. Barker, should have carried even more weight and deserved greater attention. Moreover, the ALJ failed to take into consideration the fact that Ms. Barker treated Plaintiff on over 15 occasions over the period from April 2012 to March 24, and was therefore, uniquely qualified to provide a longitudinal picture of Plaintiff's mental health. PageID 386-93, 440-51, 557-61, 569-76, 584-91, & 645-74; *Lorman v. Commissioner of Social Sec.*, 107 F. Supp.3d 829, 836 (S.D. Ohio 2015). Consequently, the ALJ's final basis for rejecting Therapist Baker's opinion is without merit.

Based upon all of the foregoing, the undersigned finds that the ALJ's analysis of Therapist Baker's opinion is unsupported by substantial evidence.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming, and therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  6/28/17　　　　　　　　　　　　　　s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).